972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Samuel BUTLER, Appellant,
v.
Dick D. MOORE; Steve Long; Janet Schneider; Ron Kennedy;
Ron Blechle, Appellees.
 No. 91-1633.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 15, 1992.
Filed: July 14, 1992.
 
 Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 Samuel Butler, a Missouri inmate, appeals from the district court's partial dismissal without prejudice and partial grant of summary judgment in favor of defendants in his civil rights action. We affirm.
 
 
 2
 Butler was charged with violating a prison rule by possessing marijuana. He appeared before the Missouri Eastern Correctional Center (MECC) adjustment board for a hearing. Pursuant to the board's recommendations, Butler was assigned to administrative segregation (also referred to as the Special Management Unit (SMU)) pending transfer to a more secure institution. In his complaint Butler alleged, inter alia, that the board's recommendations were punitive, and that after he spent twelve months in SMU awaiting transfer, defendants forced him to participate in the Special Adjustment Unit (SAU) program for two months as a prerequisite to being released to the general population. Butler set forth three claims, the third being that defendants had violated Missouri law. In his response to defendants' answer, Butler elaborated on the third claim, asserting that he had a liberty interest in not being punished without due process by confinement to SAU, and that defendants acted without authority by confining him there for more than ten days, citing Mo. Rev. Stat. § 217.375.1.[1] Defendants moved for summary judgment and submitted Exhibit A, which contained evidence of numerous classification hearings Butler received while in SMU, including two just prior to his placement in SAU. Also included in this exhibit was a December 21, 1988 letter from Superintendent Caspari acknowledging, and denying, Butler's request for assistance "in obtaining [his] reassignment from [SMU] to [SAU]." The letter stated in part: "Our current guidelines stipulate a six (6) month good adjustment period to be considered for SAU placement. You will be given reconsideration for SAU placement when your behavior dictates same.... I would encourage your continued good adjustment in SMU in order that your request for SAU placement may be granted in the future."
 
 
 3
 After granting defendants' motion for summary judgment on the first two claims, the district court appointed counsel for Butler and set a trial date for the remaining claim, which the court stated was "a statutory rather than constitutional claim." Defendants filed an amended motion for summary judgment, arguing that the court lacked subject matter jurisdiction to consider the remaining state statutory claim. Alternatively, defendants admitted placing Butler in SAU, but asserted the ten-day limit of section 217.375 applied to punitive segregation, while the purpose of Butler's placement in SAU was to upgrade his administrative segregation rather than to punish him. Defendants also asserted that if the court nonetheless considered Butler's SAU confinement to be punitive, they were entitled to qualified immunity for the statutory violation, citing Coffman v. Trickey, 884 F.2d 1057 (8th Cir. 1989), cert. denied, 110 S. Ct. 1523 (1990). Counsel for Butler opposed the summary judgment motion and filed a motion for leave to file an amended complaint, acknowledging that defendants objected. The motion was granted the same day by a different district judge. On February 5, 1991, Butler filed his first amended complaint.
 
 
 4
 On February 7, 1991, under the mistaken belief that no amended complaint had been filed, the district court vacated the order granting the motion for leave to file an amended complaint, because defendants had been afforded no chance to respond to the motion.[2] The district court observed that the single remaining claim was set forth clearly enough in the pro se complaint, construed it as only a state statutory claim, and declined to exercise jurisdiction over it. The court dismissed the state claim without prejudice to Butler's filing it in state court.
 
 
 5
 Butler argues on appeal that the district court erred by vacating the grant of leave to amend, by failing to construe the alleged violation of section 217.375.1 as including a due process claim, and by failing to hold that defendants denied him due process when they kept him in SMU for a year and transferred him to SAU.
 
 
 6
 Assuming without deciding that the district court properly denied leave to amend even though an amended complaint had already been filed with court permission, we conclude that the original pro se complaint and other pleadings, liberally construed, sufficiently stated a constitutional claim. Butler specifically asserted that section 217.375.1 created a liberty interest in not being punished without due process by confinement to SAU. We conclude, nonetheless, that defendants were entitled to summary judgment on this claim. Even if section 217.375.1 created a liberty interest (at least in not being reassigned from the general population to SAU), Butler did not show that his reassignment from SMU to SAU deprived him of any liberty interest. Butler neither alleged nor showed that conditions were more onerous or that he had fewer privileges in SAU than in SMU. The record supports that the opposite was true. Caspari's letter in defendants' Exhibit A, which Butler did not dispute, indicated that SAU was a more desirable placement, and that Butler had in fact requested placement in SAU. We note, however, that the dismissal of Butler's state statutory claim was without prejudice.
 
 
 7
 We reject Butler's argument that his confinement in SMU violated his due process rights. Defendants showed that after he was found in possession of marijuana, Butler was placed in SMU as a security risk pending transfer to a more secure facility, and that he received all the process he was due under section 217.375.2 before and during his confinement in SMU.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 Prior to its amendment in 1989 and 1990, Section 217.375.1 provided that an inmate who had violated any institutional rule relating to conduct could, "after proper hearing ..., be confined in an adjustment unit for a period not to exceed ten days."
 
 
 [2]
 Under Eastern District of Missouri Local Rule 7(B)(2), a party opposing a motion has five days after being served to reply